# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARQUITA A. SAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-11057-FDS |
| MASSACHUSETTS GENERAL HOSPITAL, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

## I. Factual Background

On March 19, 2015, *pro se* plaintiff Marquita Sams filed a document which the clerk docketed as a complaint. The pleading is far from clear, but it appears that Sams is seeking medical treatment for mental illness and diseases cause by bacterial infections. The plaintiff also states that she hears voices and can see crimes being committed. It is unclear who the defendants are, but she does provide a list of six Boston hospitals and suggests that she sought treatment at these facilities. Sams did not pay the $400 filing fee or seek leave to proceed *in forma pauperis*.

## II. Discussion

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and

over certain actions in which the parties are "citizens" of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). In conducting this review, the Court liberally construes the plaintiff's complaint because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the Court is without subject matter jurisdiction to entertain this action. The plaintiff does not identify any cause of action. The Court cannot discern a claim arising under federal law, thus precluding the exercise of jurisdiction under § 1331.

Nor does § 1332 provide subject-matter jurisdiction. Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant is a citizen of the same state as the plaintiff. *See id.* A person is a citizen of the state in which she is domiciled, *see Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008), and "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1). Nothing in the complaint suggests that Sams is not domiciled in Massachusetts, and some, if not all, of the defendants have their principal place of business in Massachusetts. Therefore, diversity of citizenship does not exist.

**III. Conclusion**

Accordingly, this action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 5, 2015